```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA
 2

 3   UNITED STATES OF AMERICA,    )    No. 8:04CR447
                                  )
 4           Plaintiff,           )
                                  )
 5   vs.                          )
                                  )
 6   RICARDO BARRAZA              )
                                  )    Omaha, Nebraska
 7           Defendant.           )    May 5, 2021

 8

 9

10           TRANSCRIPT OF SENTENCING PROCEEDINGS
           BEFORE THE HONORABLE BRIAN C. BUESCHER
11              UNITED STATES DISTRICT JUDGE

12

13                   A-P-P-E-A-R-A-N-C-E-S

14   FOR THE PLAINTIFF:      Mr. Thomas J. Kangior
                             Assistant United States Attorney
15                           1620 Dodge Street
                             Suite 1400
16                           Omaha, NE 68102-1506

17

     FOR THE DEFENDANT:      Mr. Peder C. Bartling
18                           Bartling Law Firm
                             209 South 19th Street
19                           Suite 500
                             Omaha, NE 68102
20

21   COURT REPORTER:         Ms. Rogene S. Schroder, RDR, CRR
                             111 South 18th Plaza
22                           Suite 3129
                             Omaha, NE 68102
23                           (402) 661-7383

24

25   Proceedings recorded by a certified stenographer, transcript
     produced with computer.
```

1       (At 9:53 a.m. on May 5, 2021; with counsel present and the

2     defendant present via videoconference:)

3         THE COURT:  We are on the record in United States of

4     America versus Ricardo Barraza, Case Number 8:04CR447.  This

5     matter comes on for sentencing with respect to Count I of the

6     indictment, conspiracy to distribute and possession with intent

7     to distribute methamphetamine.

8       Would counsel please enter your appearances.

9         MR. KANGIOR:  Good morning, Your Honor.  Thomas J.

10    Kangior appearing on behalf of the United States.

11        MR. BARTLING:  Judge, good morning.  Peder Bartling

12    on behalf of Ricardo Barraza.  He is appearing via

13    videoconference by joint motion.

14        THE COURT:  Mr. Barraza, do you understand your

15    interpreter and can you understand me?

16        THE DEFENDANT:  Yes.  I do understand the interpreter

17    because Spanish is the only language I understand.

18        THE COURT:  Okay.  Thank you.

19     If there is anything that you do not understand, please

20    advise us and we will stop and be sure you understand.

21        THE DEFENDANT:  Yes.  Thank you.

22        THE COURT:  The record should reflect, as noted by

23    Mr. Bartling, that the defendant is present by videoconference

24    in court today.

25     Mr. Bartling and Mr. Kangior also join in person in this

1    courtroom.

2        This is pursuant to General Order Number 2020-7 and 2021-3

3    and the provisions of the CARES Act.

4        Mr. Barraza, have you and your attorney discussed your

5    right to be physically present during your sentencing hearing?

6            THE DEFENDANT:  Well, he proposed to me to do it this

7    way because I am receiving dialysis treatment and that was the

8    most advisable thing to do.  That's why we decided to do it via

9    Zoom.

10           THE COURT:  Okay.  So do you consent to this court

11   imposing your sentence through the use of videoconferencing?

12           THE DEFENDANT:  Yes.  It is the best.  I believe it

13   is the most practical thing in order for me not to have to be

14   moved to the court so I think that's the best.

15           THE COURT:  I find that the defendant knowingly and

16   voluntarily consents to proceed with this sentencing hearing

17   via videoconferencing.

18       I further find that the sentencing hearing cannot be

19   further delayed without serious harm to the interests of

20   justice and I find this due to the current COVID-19 crisis.

21       This takes us to the previous plea agreement which was

22   negotiated apparently over 15 years ago before the defendant

23   did not appear at his sentencing hearing in this case.

24       Mr. Kangior, according to the PSR, I understand the United

25   States is withdrawing or has already withdrawn the plea

1    agreement.  Is that correct?

2            MR. KANGIOR:  That is correct.

3            THE COURT:  Mr. Bartling, do you have any comment on

4    this?

5            MR. BARTLING:  Judge, if I may, I will make a comment

6    now or make it when we address the objections to the PSR in

7    filing 244.  I did set forth a specific objection to paragraph

8    16, 17, 18 and 19 that deal with the plea agreement, the

9    residual effect of the plea agreement and the parties'

10   continuing -- continual reliance on portions of the plea

11   agreement.

12       I do not have...

13           THE COURT:  Mr. Bartling, how about we deal with this

14   further during allocution, if that's okay?

15           MR. BARTLING:  Yes, Judge.  And if I may, I'll just

16   put it on the record that Mr. Barraza does not -- does not

17   dispute that he failed to appear for his sentencing hearing at

18   the scheduled time and as a result the government is within its

19   bounds pursuant to the original plea agreement to withdraw the

20   same.

21           THE COURT:  I do find that there is no longer a valid

22   plea agreement in this case.

23       Mr. Bartling, may I confirm with you that you have

24   received the revised presentence investigation report and the

25   revised sentencing recommendation and reviewed those documents

1    with your client?

2              MR. BARTLING:  Yes, sir.

3              THE COURT:  Mr. Barraza, did an interpreter read

4    through the revised presentence investigation report and the

5    revised sentencing recommendations and go over those with you

6    and discuss it with you with your lawyer in Spanish?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Did you understand the interpreter when

9    that happened?

10             THE DEFENDANT:  Well, what I understood, the only

11   thing was -- well, my attorney speaks some Spanish and there

12   was no interpreter, but what I understood was the

13   recommendation from Probation, the explanation from the

14   recommendation of Probation that was there that it was a little

15   bit lower and that he -- what he explained to me was that it

16   was positive, that it looked good.

17             MR. BARTLING:  Judge, may I address the Court?

18             THE COURT:  You may.

19             MR. BARTLING:  Thank you.

20        Let the record reflect that I communicated directly with

21   Mr. Barraza in the Spanish language regarding the revised

22   presentence report as well as the revised sentencing

23   recommendation on March 30th, 2021, and he has received the

24   information contained in both of those documents from me

25   directly.

1          THE COURT:  Mr. Barraza, do you agree with what

2    Mr. Bartling said about your receipt of the revised presentence

3    investigation report and the revised sentencing

4    recommendations?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  Mr. Kangior, did you receive and

7    review the same documents?

8          MR. KANGIOR:  I have, Your Honor.

9          THE COURT:  Turning to the objections, I'll start by

10   denying as moot the objection and motion for departure or

11   variance at filing numbers 86 and 87 because the guidelines and

12   PSR have changed since that time.

13       As for objections to the present PSR, the defendant has

14   filed an objection at filing number 244 relating to numerous

15   paragraphs within the revised PSR.  The defendant makes legal

16   arguments that as far as the Court can discern does not

17   challenge factual assertions in the revised PSR but instead

18   dispute the applicability of various enhancements or

19   reductions.

20       I would like to handle those objections in groups in the

21   same manner as they are presented in filing number 244.  I'd

22   like to address each one before hearing argument on any of

23   them.

24       Group one involves paragraphs 16 to 19 and involves the

25   probation officer's historical discussion of the plea

1    agreement; however, the probation officer made clear that the

2    guidelines contained within the revised PSR do not rely on any

3    stipulations contained within the plea agreement.

4         I won't be sentencing based on agreements contained within

5    the plea agreement and, thus, I overrule this objection.

6         Group two involves paragraphs 26, 34, 35 and 43 and the

7    defendant argues he cannot be held responsible for an amount of

8    actual methamphetamine when he wasn't charged with distribution

9    of actual methamphetamine.  Note B of United States Sentencing

10    Guideline Section 2D1.1(c) notes that cases involving a mixture

11    require the use of the offense level determined, quote, by the

12    entire weight of the mixture or substance or the offense level

13    determined by the weight of the actual.  Further, under the

14    guidelines relevant conduct includes conduct not specifically

15    charged.

16         Here the guidelines adequately consider the relevant

17    conduct in the form of the amount of actual methamphetamine the

18    defendant possessed.  As to any objection to notice, the

19    defendant was on notice of the statutory penalties he faces and

20    any sentence imposed will be within the statutory parameters.

21         Thus, I intend to overrule the second group of objections

22    to paragraphs 26, 34, 35 and 43.

23         Group three involves paragraphs 11, 21, 39, 47 and 94.

24    The defendant objects to the application of a two-point

25    enhancement for obstruction of justice under Section 3C1.1.

1    Probation correctly points out that Application Note 4(E)

2    lists, quote, escaping or attempting to escape from custody

3    before trial or sentencing or willfully failing to appear as

4    ordered for a judicial proceeding as an example of a type of

5    conduct to which an obstruction of justice adjustment applies.

6         For that reason, I intend to overrule defendant's

7    objections to paragraphs 11, 21, 39, 47 and 94.

8         Group four involves paragraphs 40 and 48.  The defendant

9    objects to the two-point acceptance of responsibility reduction

10   and argues he is entitled to the full three-point reduction.

11   He also points to the plea agreement in support of his

12   argument.  As noted, the plea agreement does not apply.

13        Furthermore, United States Sentencing Guidelines Section

14   3E1.1, Application Note 4 states that conduct resulting in an

15   enhancement under 3C1.1, which I've already indicated my

16   intention to apply that obstruction enhancement, ordinarily

17   indicates that the defendant has not accepted responsibility

18   for his criminal conduct.

19        There may, however, be extraordinary cases in which

20   acceptance of responsibility and obstruction both apply.  I

21   don't find this case to be extraordinary and am thus inclined

22   to overrule this objection for those reasons and those outlined

23   by the probation officer in the addendum.

24        Group five involves paragraph 46 which does not grant the

25   defendant a reduction for being a minor participant.  The

1   defendant argues his role was limited because he was not a

2   leader or organizer and was only a drug mule.  Under United

3   States Sentencing Guidelines Section 3B1.2, Application Note 3,

4   the Court should consider the culpability of the defendant

5   specifically when a defendant plays a part in committing the

6   offense that makes him substantially less culpable than the

7   average participant in criminal activity.

8        As noted by the probation officer, while the defendant's

9   primary role was to transport drugs, his knowledge and

10  understanding of the scope of the criminal activity is clear.

11  He was aware that he was transporting illegal substances and

12  willingly did so on more than one occasion.  In fact, by his

13  own admission, he had also transported drugs in June and August

14  of 2004.

15       Accordingly, I don't find the defendant to be

16  substantially less culpable than the average possessor or

17  distributor of methamphetamine and I intend to overrule this

18  objection.

19       Group six involves paragraphs 48, 51 and 93.  The

20  defendant objects to the guideline calculations contained in

21  these paragraphs as a result of his prior objections; however,

22  as things currently stand, I intend to overrule all objections

23  presented, thus, I would also overrule this objection.

24       Group seven involves paragraphs 106 and 108 and the

25  probation officer's failure to recommend or supply facts

1    related to a departure.  Because the recommendation and

2    allocution are the appropriate places for this argument, I'll

3    overrule this objection without prejudice to consideration

4    during allocution.

5        I provided these thoughts in order to streamline this

6    process so we can focus on arguments that were not previously

7    provided in the brief on those objections that require such

8    arguments.  I will revisit my intended rulings after the oral

9    argument on this matter.

10       So at this point I would ask Mr. Bartling to provide any

11   further argument that you have that was not contained in your

12   brief.

13           MR. BARTLING:  Thank you, Judge, for setting forth

14   your analysis and thoughts.

15       For the record I renew these objections and incorporate

16   the written arguments at filing 244 into my presentation now in

17   keeping with the Court's request to streamline the defense

18   arguments.

19       Focusing only on content not included in pleading 244,

20   allow me to say the following:

21       Generally with respect to the plea agreement that the

22   Court has found not applicable to this case, both sides -- both

23   sides tacitly appear to be relying on the spirit of that

24   agreement.  The spirit of the agreement makes an impact on the

25   Court's analysis in several respects.

1    With respect to group two of the Court's analysis,

2    Mr. Barraza urges you to view the obstruction enhancement at

3    3C1.1 through the totality of the circumstances.  Mr. Barraza

4    acknowledges that he did not appear for sentencing originally.

5    He has, however, set forth at least nine circumstances in which

6    he provided affirmative action or effort that suggest he did

7    not obstruct this case.

8    What does not appear in pages 2, 3 and 4 of filing 244 is

9    that the government, with its agreement to allow Mr. Barraza to

10   be eligible for the safety valve, has effectively, if not

11   tacitly, indicated that Mr. Barraza's decision to return to the

12   United States and turn himself in to authorities mitigates his

13   decision to abscond.

14   As a result, although Application Note 4(E) of 3C1.1

15   applies to the matter technically, that application note does

16   not appear to contemplate a circumstance in which a party fails

17   to appear for sentencing based on the motives that Mr. Barraza

18   had nor does it appear to contemplate a circumstance in which

19   upon return there is an acknowledgement by governmental

20   authorities that Mr. Barraza was sufficiently compliant with

21   their requests to warrant eligibility for safety valve.

22   Based on the content of filing 244 and this additional

23   argument, Mr. Barraza asks the Court to sustain the objections

24   that the Court has labeled group two.

25   With respect to group three, Mr. Barraza highlights two

1   points.  First, the tests between the applicability of 3C1.1

2   and 3E1.1 are different.  It is undisputed that the government

3   wasted no time, no energy and expended no resources to prepare

4   the matter at bar for trial.  Although the Court has rejected

5   the plea agreement, the language that filing 244 cites

6   regarding Mr. Barraza's prompt notification to the government

7   of his intention to enter a guilty plea appears in filing 244

8   to confirm the government's position with respect to acceptance

9   of responsibility.

10       To take that analysis a step further, the Court is aware

11   that Mr. Barraza has not challenged evidence in this case in

12   the form of drug quantity or lab results and has not required

13   the government at this sentencing hearing to produce witnesses

14   or other information regarding his plea of guilty.

15       Furthermore, Mr. Barraza has not attempted to withdraw his

16   plea.  He has, in fact, stood on his plea of guilty.  The

17   arguments that he made in filing 244 with respect to group two

18   have to do with policy arguments, they are not challenges to

19   the Court's finding of guilt nor are they tacit attempts to

20   indicate anything other than acceptance of responsibility for

21   the crime for which this court committed -- convicted him.

22       As with the group three objections, the objections to

23   group four must be viewed in light of the government's

24   agreement that Mr. Barraza is eligible for the safety valve for

25   the reasons set forth in the arguments related to group three.

1      Finally, with respect to the interaction between group

2   three and group four, Mr. Barraza avers to this court that it's

3   fundamentally unfair to impose two consequences or two

4   sanctions for the exact same conduct and that is why 3C1.1

5   allows the Court in its discretion to impose a two-point

6   increase for obstruction of justice while at the same time

7   allowing for a two- or three-point reduction in offense level

8   due to acceptance of responsibility.

9      With respect to group five and group six, Mr. Barraza

10  submits those arguments based on filing 244.

11     With respect to group seven, Mr. Barraza thanks the Court

12  for the opportunity during allocution to discuss the relevance

13  of a departure in this matter.

14     Thank you.

15         THE COURT:  Mr. Kangior, do you have any response or

16  comments?

17         MR. KANGIOR:  Your Honor, I agree with the probation

18  office's application of the guidelines to the facts of this

19  case.  I also find it to be consistent with the office's

20  application of the guidelines in prior cases and, therefore,

21  I'd ask that you adopt their findings.

22         THE COURT:  After consideration of Mr. Bartling's

23  arguments, I overrule the objections presented in filing number

24  20 -- 244 and adopt the revised presentence investigation

25  report without change.

1          I note that this case involves a mandatory minimum

2     sentence of ten years but the defendant meets the criteria for

3     the statutory and guideline safety valve.

4          Is that correct, Mr. Kangior?

5               MR. KANGIOR:  Yes, Your Honor.

6               THE COURT:  I will now address the guideline

7     calculations in this matter.  The total offense level is 34 and

8     the criminal history category is I.  The guideline custody

9     range is 151 to 188 months.  The guideline range for supervised

10    release is two to five years.  The defendant is ineligible for

11    probation.  The fine range is 17,500 to 4 million.  Community

12    restitution may be required.  A special assessment of $100 is

13    to be assessed.

14         Have I accurately stated the sentencing guideline

15    provisions in light of my ruling on the various objections,

16    Mr. Kangior?

17              MR. KANGIOR:  Yes, Your Honor.

18              THE COURT:  Mr. Bartling.

19              MR. BARTLING:  Yes, Judge.

20              THE COURT:  Defendant's motions for downward

21    departure and downward variance appear at filing numbers 242

22    and 243, respectively.  I've also read the defendant's

23    sentencing memorandum at filing number 245.

24         Mr. Bartling, I plan to consolidate argument on these

25    motions with allocution along with your arguments on paragraphs

1    106 and 107.  Does that work?

2              MR. BARTLING:  Yes, Judge.  Thank you.

3              THE COURT:  Thank you.  You may proceed with

4    allocution.

5              MR. BARTLING:  Thank you, Judge.

6        Your Honor, for many reasons the matter at bar is unique.

7    The Court has received Ricardo's sentencing memorandum at

8    filing 245.  The memorandum supports Ricardo's motions for

9    departure and variance and sets forth Ricardo's rest -- request

10   for a sentence of time served and the basis for the request.

11       I will not repeat the memorandum here.  The Court has

12   acknowledged that it has read it.  I will, however, highlight

13   for the Court a few important considerations for the purpose of

14   calculating sentence.

15       The first, despite the breakdown of the plea agreement,

16   the government has agreed that Ricardo is safety valve

17   eligible.  This agreement is important to Ricardo for at least

18   four reasons.

19       First, the agreement is an acknowledgement, tacit, if not

20   overt, that Ricardo provided the government with substantial

21   assistance in the matter.  Specifically Ricardo provided

22   information that led to arrest and prosecution of

23   co-conspirators.  He did not lie, he did not withhold

24   information, and the memorandum sets forth the details of his

25   further cooperation.  Absent the abscond status in this case,

1    the United States Attorney's Office would have filed a motion

2    to give Mr. Barraza consideration pursuant to Rule 35(b).

3         Second, the agreement is an acknowledgement, tacit, if not

4    overt, that Ricardo's decision to return to the United States,

5    turn himself in to law enforcement authorities mitigates his

6    decision to abscond.

7         Third, the agreement is an acknowledgement, tacit, if not

8    overt, that Ricardo accepted responsibility for his offense

9    conduct.

10        Fourth, the presence of the agreement means that the

11   government understands that the Court is authorized to impose a

12   sentence below the mandatory minimum.  Absent the agreement,

13   given the Court's guideline calculation, such a sentence would

14   not have been possible.

15        The second major consideration for the Court is that

16   neither the government nor Probation are disputing the severity

17   of Ricardo's physical condition.  The sentencing memorandum at

18   filing 245 went to great lengths to detail for the benefit of

19   the Court and those who do not have prior medical training the

20   conditions from which Ricardo suffers.

21        Principal among that information is that the condition

22   from which Ricardo suffers is fatal.  The memorandum also

23   dispels incorrect notions that nonmedical personnel may have

24   about care options meaning the care options are not treatment

25   per se for the condition from which Mr. Barraza suffers.

1     The strapping young man depicted on page 3 of the revised

2  presentence report was photographed in 2004.  The man who

3  appears for sentencing 17 years later is a shell of that man.

4  If it weren't for machines, Ricardo would not be alive to

5  appear at this sentencing hearing today.

6     Please rely on the content of the sentencing memorandum

7  when crafting your sentence.  As with the facts of the revised

8  presentence report, the facts in the sentencing memorandum are

9  not in dispute.  Mr. Barraza requests that you take all of the

10  facts, both from the revised report and his sentencing

11  memorandum, into consideration and that you evaluate this

12  unique case and thereafter use your discretion to craft a

13  sentence that fits Mr. Barraza where he is on May 5th, 2021.

14     For the reasons set forth in the sentencing memorandum,

15  Mr. Barraza asks you to adopt his requested sentence in filing

16  245.

17     Thank you for your consideration.

18     THE COURT:  Mr. Barraza, you do not have to speak but

19  now is the time for you to address the Court if you wish to say

20  something before I pronounce a sentence.

21     Would you like to say anything?

22     THE DEFENDANT:  Well, all I want to say is that I am

23  very remorseful for what I did and I'm here ready to face

24  justice.  The mistakes I made, it was made by a younger man,

25  more immature, and time has gone by and not only have I matured

1    but I also have I -- gone into the path of the Lord and I am

2    not fleeing anymore.  It is my intention to face the facts and

3    face my sentence because if I were to flee, I would not be

4    following in God's path and surrender to God's will so please

5    bear this in mind at the time of deciding my sentence.

6         I would not be renegading against it because it would be

7    the same as renegading against God who is all present and all

8    mighty so please have some consideration towards my situation

9    and hopefully you will give me the opportunity to keep, you

10   know, living, to fight for my life and do whatever it takes.  I

11   don't know what it has in store for me and it requires a lot of

12   discipline on my part to get on but please that's all I ask of

13   you, to have some consideration and may God bless you, Judge.

14        THE COURT:  Mr. Kangior, allocution from the

15   government.

16        MR. KANGIOR:  Your Honor, I agree that there are some

17   unique facts in this case for you to take into consideration.

18   I also agree with the probation office's sentencing

19   recommendation that these facts do warrant some sort of

20   variance in this case.  The degree of that variance I submit to

21   the Court's discretion.

22        THE COURT:  Is there any reason that a sentence

23   should not now be pronounced?  Mr. Kangior.

24        MR. KANGIOR:  No, Your Honor.

25        THE COURT:  Mr. Bartling.

1        MR. BARTLING:  No, sir.

2        THE COURT:  In crafting this sentence, I have

3   considered all factors outlined under 18 U.S.C. Section

4   3553(a), including general -- including general deterrence,

5   specific deterrence, protection of the public, the need to

6   avoid unwarranted sentencing disparities, and the specific

7   history and characteristics of the defendant.

8        The Court has also considered the seriousness of the

9   conduct, the need to promote respect for the law, and the need

10  to provide just punishment for the conduct at issue.

11       The Court further recognizes that the United States

12  Sentencing Guidelines are advisory in nature and finds that the

13  sentence about to be pronounced is sufficient but not greater

14  than necessary to comply with the purposes of 18 U.S.C. Section

15  3553(a).

16       I note that in the sentencing memorandum defendant notes

17  that, quote, despite having self-surrendered the U.S. Marshal

18  recognizes that Ricardo's dilapidated body meant transportation

19  to Nebraska would have to wait.  Doctors and nurses in Southern

20  California spent the next two months providing Ricardo with

21  life-saving medical intervention.

22       It appears clear that the defendant's life was saved by

23  the Bureau of Prisons by providing the defendant medical care

24  that was not otherwise available to him and this appropriately

25  happened despite the fact that the defendant ignored the laws

1    of this country and absconded for over 15 years.

2         There is no excuse for defendant's conduct here.

3         I hereby sentence the defendant, Ricardo Barraza, to a

4    term of 151 months of incarceration.  That term of imprisonment

5    is to run consecutively to any other sentence he may be

6    currently serving.

7         This sentence illustrates that I will not depart or vary.

8    Departure or variance is not warranted under the circumstances

9    because of the conduct of the defendant and the need to enforce

10   the laws of the United States and discourage people from

11   absconded from their commitments.

12        Related to incarceration I recommend the following:

13        The defendant receive educational or vocational training

14   in accordance with past skills and education.

15        Is there a recommendation from the defendant with regard

16   to location of incarceration?

17             MR. BARTLING:  Yes, Judge.  Mr. Barraza is requesting

18   a recommendation for a federal medical center.

19             THE COURT:  I will make such a recommendation.

20        Upon release from prison, the defendant shall be placed on

21   five years of supervised release.  I intend to follow the

22   mandatory and special conditions of supervised release set out

23   in the sentencing recommendation.

24        Do the parties have objections to any of those conditions?

25   Mr. Kangior.

| | |
|---|---|
| 1 | MR. KANGIOR:  No, Your Honor. |
| 2 | THE COURT:  Mr. Bartling. |
| 3 | MR. BARTLING:  No, Judge. |
| 4 | THE COURT:  The special and mandatory conditions are |
| 5 | ordered.  The standard conditions of supervised release are |
| 6 | also imposed. |
| 7 | I am not going to impose a fine because the defendant |
| 8 | could not pay one and is not expected to be able to pay one in |
| 9 | the foreseeable future. |
| 10 | A $100 special assessment will be imposed. |
| 11 | The defendant should be given credit for any time served |
| 12 | and shall cooperate in the collection of a DNA sample at the |
| 13 | direction of the probation officer or the Bureau of Prisons if |
| 14 | that not -- has not already occurred. |
| 15 | That is my judgment and sentence in this case. |
| 16 | Mr. Barraza, you have the right to appeal this matter to a |
| 17 | higher court and you have 14 days from today in which to file |
| 18 | the appeal.  You may discuss this matter with your lawyer and |
| 19 | have your lawyer file the appeal. |
| 20 | Are there any other questions or any other matters that |
| 21 | need to be taken up at this time? |
| 22 | MR. KANGIOR:  No, Your Honor. |
| 23 | MR. BARTLING:  No -- no, sir. |
| 24 | THE COURT:  The defendant is remanded to the custody |
| 25 | of the marshal to be delivered to the Bureau of Prisons. |

1        We are adjourned.

2        (Adjourned at 10:58 a.m.)

3

4                              *  *  *  *  *

5

6

7        I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.

8

9        _/s/Rogene S. Schroder_                _May 27, 2021_
         Rogene S. Schroder, RDR, CRR              Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25