IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>RICARDO BARRAZA,<br><br>               Defendant. | 8:4-CR-447<br><br>MEMORANDUM AND ORDER ON MOTION TO REDUCE SENTENCE AND HABEAS PETITION |

## I.   INTRODUCTION

This matter is before the Court on defendant Ricardo Barraza's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (*i.e.*, his motion for "compassionate release"), Filing 269 at 1–8, and his 28 U.S.C. § 2255 Habeas Petition, Filing 269 at 9–23. Although Barraza mailed both his Motion to Reduce Sentence and his Habeas Petition together, the Court will address each separately.

To support his request to reduce his sentence, Barraza claims that he has a serious medical condition and that either one of his children or the mother of that child has cancer.[1] Filing 269 at 5. While the Court sympathizes with Barraza's situation, his claims do not provide "extraordinary and compelling reasons" to reduce his sentence, nor would a sentence reduction be consistent with the sentencing factors under 18 U.S.C. § 3553(a). The Court finds this particularly true here where Barraza absconded from justice for 14 years and appeared during that time to have little to no contact with the mother or the child. Furthermore, Barraza presents insufficient evidence of his own medical condition or that it cannot be adequately treated in BOP custody to establish that

---

[1] It is unclear whether it is Barraza's child that has cancer of the mother of one of his children. His Motion opaquely states, "My spouse (not married legally) and I have a young child and she has cancer and we do not know how much longer she has and together with all of my medical (issues) see Medical Records we have no one to care for the child." Filing 269 at 5.

1

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Therefore, Barraza's Motion to Reduce Sentence is denied.

In his Habeas Petition, Barraza asserts three grounds for habeas relief, two of which are directed at his defense counsel and one of which relates to his medical care at his current place of incarceration. In grounds one and two, Barraza argues that his attorney did not adequately "explain things," specifically, "the safety valve," and that his counsel was "ineffective" for failing to properly "communicate with [Barraza] in Spanish." Filing 269 at 12–13. In ground three, Barraza states that he needs a kidney transplant and that he is being denied one. Filing 269 at 14. The Court concludes that Barraza fails to show either deficient performance or prejudice from his counsel's alleged ineffectiveness. Again, the Court finds Barraza's evidence that he needs a transplant is insufficient. The Court also concludes that a need for a kidney transplant is not a proper ground for habeas relief. Therefore, Barraza's Habeas Petition is dismissed.

## II. BACKGROUND

On October 19, 2004, the Grand Jury charged Barraza and his codefendants with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Filing 3 at 1. As outlined in the Presentence Investigation Report, which the Court adopted without change, during a traffic stop of his vehicle, Barraza consented to a search by law enforcement which yielded approximately 1,663 grams of methamphetamine. Filing 250 at 7. Barraza was arraigned three days later and pleaded not guilty. Filing 11 (Text minute Entry). On March 18, 2005, Barraza entered a guilty plea and was scheduled for sentencing on June 2, 2005. Filing 68 (Text Minute Entry). Barraza failed to appear for sentencing, and it was discovered that he had absconded from his treatment facility while on release pending sentencing. Filing 250 at 5. A warrant was issued for his arrest. Filing 88 (Text Minute Entry).

Barraza remained a fugitive for the next fourteen years. On November 13, 2019, Barraza appeared in the United States District Court for the Southern District of California for an initial appearance. Filing 250 at 5. He was subsequently transferred to the District of Nebraska.

Barraza appeared for sentencing before the undersigned on May 5, 2021, on his 2005 guilty plea. Filing 252 (Text Minute Entry). At sentencing, the Court imposed an offense-level adjustment for obstruction of justice pursuant to § 3C1.1 of the sentencing guidelines and denied an offense-level adjustment for acceptance of responsibility under § 3E1.1 of the guidelines. *See generally* Filing 263. The Court then found that Barraza qualified for the statutory and guideline safety valve and considered a guideline custody range of 151 to 188 months. Filing 263. After denying Barraza's Motion for a Downward Variance, the Court sentenced Barraza to 151 months of incarceration. Fling 263. The Court noted that a variance was not warranted because of Barraza's conduct, the need to enforce the laws of the United States, and to discourage people from absconding. Filing 263 at 20. The Court also recognized Barraza's medical issues, commenting that the Bureau of Prisons (BOP) likely saved his life by providing medical treatment, and recommended that Barraza be incarcerated in a federal medical center. Filing 263 at 19–20.

Barraza appealed his sentence to the Eighth Circuit Court of Appeals, who affirmed the Court's sentence in an unpublished *per curium* opinion. *See United States v. Barraza, N*o. 21-2131, 2022 WL 2288331 (8th Cir. June 24, 2022). *S*even months after the Eighth Circuit issued its opinion, Barraza filed the present Motion to Reduce Sentence and Habeas Petition. Filing 269.

### III.  ANALYSIS OF MOTION TO REDUCE SENTENCE

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18

U.S.C. § 3582(c)(1). The amendment provides for "so-called 'compassionate release.'" *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022).

Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that Barraza has exhausted his administrative remedies with the BOP. Filing 48 at 4–5, 23, 29. The Court therefore turns to the merits of his Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to sentence reduction. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a)

sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits of Barraza's Motion.

Barraza argues that his medical issues and his child having cancer or the mother of one of his children having cancer constitute "extraordinary and compelling reasons" warranting a reduction in his sentence. Filing 269 at 4–5. Barraza stated that he is "on dialysis end of stage" and "will not recover unless [he] receive[s] a kidney transplant." Filing 269 at 5. He also claims that he has a young child with cancer, or the mother of his child has cancer, and that he and the mother "have no one to care for the child." Filing 269 at 5.

The policy statement from § 1B1.13 of the United States Sentencing Guidelines states that "extraordinary and compelling reasons exist" when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1. Although the Eighth Circuit has declined to hold that the policy statement from § 1B1.13 is binding on the courts, *see United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020), the Court nevertheless finds it useful in determining whether an inmate's health condition is an extraordinary and compelling reason for release. In this case, the Court acknowledges that Barraza claims he is suffering from a serious health condition, but he offers no sufficient evidence of that fact. Furthermore, there is no evidence that he is unable to

5

provide self-care or that the BOP is unable to provide him with adequate treatment. *See United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021) (upholding the district court's denial of compassionate release because, even though the defendant suffered from "serious health issues," in light of the treatment he was being provided he "did not quire meet the extraordinary-and-compelling-reasons standard"). The BOP has many individuals committed to its custody that suffer from serious medical issues like Barraza. Absent evidence that the BOP is unable to provide adequate treatment, suffering from serious medical issues alone is not an extraordinary and compelling reason for release. *See United States v. Aniyeloye*, No. 8:16CR305, 2022 WL 7145403, at *1 (D. Neb. Sept. 26, 2022) (finding that compassionate release was not warranted when the defendant "was and is being treated by [BOP] medical staff and received medication for [his] conditions"); *United States v. Shady*, No. 11-CR-1010-CJW-MAR, 2020 WL 3473647, at *4 (N.D. Iowa June 25, 2020) (denying compassionate release where the defendant's limitations were "moderate" and he was "receiv[ing] adequate treatment"); *United States v. Fraenchot Deon Banks*, No. 2:11-CR-4-5, 2020 WL 3145691, at *3 (D.N.D. June 12, 2020) (concluding that the inmate's health conditions were not an extraordinary and compelling reason for release when the defendant had been dealing with them "for an extended period of time" and he provided no evidence "how his various ailments cannot be adequately treated by [his] facility").

The Court also does not find that Barraza's child having cancer or the mother of one of his children having cancer—which the Court acknowledges is tragic—is an extraordinary and compelling reason under applicable law for release. There is no evidence that Barraza, with his current medical ailments, could provide care to an individual with cancer. Indeed, Barraza seems to recognize this in his Motion. There is also no evidence that Barraza was ever a caregiver for his three children or their mother. His PSR notes that the last time he contacted his son, who was born

6

in 2002, was by telephone in 2005. Filing 250 at 15. It thus appears that he had little direct contact with his children when he absconded for fourteen years.

"Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to [Barraza]." *United States v. Claiborne*, No. 4:15-CR-00042-1 KGB, 2020 WL 5899318, at *3 (E.D. Ark. Oct. 5, 2020), *aff'd*, No. 20-3172, 2020 WL 9258005 (8th Cir. Oct. 22, 2020). Many inmates have family members with health issues. *Cf. United States v. McClellan*, No. CR 16-102 ADM/HB, 2021 WL 1873426, at *3 (D. Minn. May 10, 2021) ("Many if not all inmates, have aging and sick parents. Such circumstance is nor extraordinary." (quoting *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019))), *aff'd*, No. 21-2175, 2021 WL 5822704 (8th Cir. June 3, 2021). The Court sympathizes with the medical issue faced by one of Barraza's family members, but this sympathy does not warrant compassionate release.

Further, the Court has reviewed the record and concludes that a reduction of Barraza's sentence would be contrary to the factors under 18 U.S.C. § 3553(a).[2] The Court sentenced Barraza to the low-end of the guidelines despite him absconding for fourteen years. The offense involved the transportation of a significant quantity of methamphetamine. Importantly, the Court sentenced Barraza on May 5, 2021, after he spent a little less than two years in pre-trial and pre-sentence custody. He has therefore served less than half of his sentence. Release at this point would be contrary to the nature, circumstances, and seriousness of the offense, as well as Barraza's history,

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

7

which involved absconding for fourteen years. Application of the § 3553(a) factors demonstrates that release is not warranted.

## IV. ANALYSIS OF HABEAS PETITION

The Court turns to Barraza's Habeas Petition, which he included in the mail containing his Motion for Compassionate Release. In his Petition, Barraza asserts three grounds for habeas relief. In grounds one and two, Barraza argues that his attorney did not adequately "explain things," specifically, "the safety valve," and that his counsel was "ineffective" for failing to properly "communicate with [Barraza] in Spanish." Filing 269 at 12–13. In ground three, Barraza states that he needs a kidney transplant and that he is being denied one. Filing 269 at 14.

28 U.S.C. § 2255 provides that a prisoner in federal custody may move the sentencing court to set aside or correct a sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

The first and second grounds in Barraza's Petition relate to his attorneys purportedly providing ineffective assistance. The Eighth Circuit has stated that ineffective assistance of counsel arguments are best addressed "through collateral proceedings," *United States v. Sanchez*, 789 F.3d

8

827, 839 (8th Cir. 2015), so there is no procedural infirmity with Barraza raising the issue of his counsels' performance in a habeas proceeding.

"The Sixth Amendment guarantees 'the right to the effective assistance of counsel.'" *Dilang Dat v. United States*, 983 F.3d 1045, 1047–48 (8th Cir. 2020) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). "To prove ineffective assistance of counsel, [Barraza] must show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for that deficient performance, the result of the proceeding would have been different." *Love v. United States*, 949 F.3d 406, 409 (8th Cir. 2020) (citing *Strikland*, 466 U.S. at 688). There is a "strong presumption" that counsel rendered reasonable performance. *Id.*

Barraza enjoyed the services of two attorneys in this case, and it appears that Barraza attributes the same errors to both. During his change-of-plea hearing, the magistrate judge thoroughly questioned Barraza if he understood the nature of his offense, the potential penalties he faced, and his plea agreement. *See generally* Filing 78. Barraza acknowledged having his plea agreement read to him in Spanish and discussing it with his attorney. Filing 78 at 22–23. He stated that he had asked questions of his attorney and that his attorney answered them to his satisfaction. Filing 78 at 23. When asked if he was satisfied with his attorney's advice, Barraza stated that he was. Filing 78 at 9. There is no reason to believe that Barraza's counsel did not adequately communicate with him or inform him of the pros and cons of pleading guilty to a sufficient degree. Any alleged deficiency in failing to discuss the safety valve did not render counsel's performance ineffective.

As to his counsel at sentencing, Barraza affirmed that he had spoken to his counsel in Spanish regarding the Presentence Investigation Report as well as the revised sentencing

recommendation. Filing 263 at 5–6. Like his former counsel, there is no evidence that Baraza's counsel at sentencing did not adequately communicate with him regarding sentencing issues. Indeed, his counsel raised several objections, moved for a downward variance, and stated that Barraza was safety-valve eligible. In light of Barraza's counsel's advocacy at sentencing, any communication issues between Barraza and his attorney did not constitute ineffective assistance.

Further, even if Barraza was able to establish that his counsel did not adequately inform him about "the safety valve," there is no way that he can establish prejudice from that failure. In the context of pleading guilty, prejudice may be shown by a defendant demonstrating that there is a reasonable probability that, absent his counsel's ineffectiveness, he would have gone to trial. *See Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012); *see also Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014) (noting, while finding no prejudice, that the defendant had not "shown that going to trial would have resulted in a lower sentence."). In this case, application of the safety valve was a benefit to Barraza, not a negative consequence to him pleading guilty. Assuming that he was not adequately informed about the safety valve, this could not have caused him to forego his right to trial because it had the effect of lowering his sentence. Moreover, his counsel noted that Barraza was eligible for safety valve at sentencing, which the Court applied, so there is no reason to believe that "a reasonable probability exists that the result of the sentencing would have been different." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Grounds one and two of Barraza's Petition are denied.

Turning to Barraza's third ground in his Petition—Barraza's desire for a kidney transplant—the Court finds that this is not an appropriate ground for habeas relief. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071,

1073 (8th Cir. 1996). Barraza cannot use a habeas petition to request release based upon the conditions of his confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (holding that because the inmate did not "challenge his conviction" or "seek a remedy that would result in an earlier release from prison," "a habeas petition [was] not the proper claim to remedy his alleged injury"). His argument that he wants a kidney transplant, and that the BOP will not let him have one, is not an attack on the legality of his sentence. It is therefore not a ground warranting his release from prison under § 2255.[3] *See Shinault v. Roal*, No. CIV. 10-3575 MJD/FLN, 2010 WL 3926874, at *2 (D. Minn. Oct. 1, 2010) (concluding that a federal prisoner's claim related to his medical treatment could not be asserted in a habeas petition).

Further, the Court concludes Barraza's desire for a kidney transplant is unsubstantiated because the Court is aware of no supporting information showing Barraza indeed needs a transplant. Further, even if Barraza could substantiate the need for a kidney transplant, as explained above, applicable law holds that a habeas petition is not the appropriate vehicle to address that request under the present circumstances. The Court further concludes that it has no evidence to believe that Barraza would indeed be eligible for a kidney transplant under the stringent protocol required to be eligible, much less get one, even if he were to be let out of prison.[4]

---

[3] The Eighth Circuit has stated that, in some circumstances, a court should construe a habeas petition as a *Bivens* or § 1983 claim. *Spencer*, 774 F.3d at 471. While the denial of medical treatment could be a viable claim for a violation of the Eighth Amendment, it is clear that Barraza is using the fact that he is not receiving a kidney transplant as a reason he should be released from prison rather than as the basis for a claim against prison staff. *See id.* (noting that the defendant did not "seek a remedy that would result in an earlier release from prison"). His Petition also alleges other grounds that, although without merit, are appropriate arguments to make in a habeas petition. Barraza's Habeas Petition does not "seek[] relief only for a conditions-of-confinement claim" as was the case in *Spencer*. *Id*; *see also Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000) (construing a habeas petition that only alleged a substantive due process violation for forced medication as a *Bivens* action). There is no need for the court to liberally construe this filing as a complaint under *Bivens* or § 1983 because it is evident Barraza is not mistakenly asserting a *Bivens* or § 1983 claim in his Habeas Petition. Moreover, Barraza is currently incarcerated in Missouri, so it is doubtful that this Court would be the proper venue for a *Bivens* or § 1983 claim.

[4] The Court has familiarity with the protocol for a kidney transplant because the Court recently sentenced an individual last year who had just undergone a kidney transplant. *See United States v. Jonathan L. Traver*, case no. 8:21-cr-27.

The Court denies Barraza's third ground supporting habeas relief. Barraza's Habeas Petition is dismissed.

## V.   CONCLUSION

The Court concludes that compassionate release is not warranted and that Barraza has not shown that relief is appropriate on any of the grounds raised in his Habeas Petition. Accordingly,

IT IS ORDERED that Barraza's Motion for Release, Filing 269, is denied and his Habeas Petition, Filing 269, is dismissed.

Dated this 23rd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge